IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02678-GPG

ZACHARY MARNER,

    Plaintiff,

v.

TERRY JONES, Police Chief, City of Aurora, Colorado in his professional and individual capacities;
DANIEL OATES, Police Chief, City of Aurora, Colorado in his professional and individual capacities;
STEVEN EVANS, Officer, City of Aurora, Colorado in his professional and individual capacities;
MICHAEL QUIRK, Officer, City of Aurora, Colorado in his professional and individual capacities;
JUSTIN FLOWERS, Officer, City of Aurora, Colorado in his professional and individual capacities;
ALAN JOHNSON, Officer, City of Aurora, Colorado in his professional and individual capacities;
TARA FARCAS, in her individual capacity; and
R.D. THOMPSON, Officer, City of Aurora, Colorado in his professional and individual capacities;

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Zachary Marner, initiated this action on December 10, 2015, by submitting *pro se* a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

On January 28, 2016, Magistrate Judge Gordon P. Gallagher issued an order to directing Mr. Marner to show cause, in writing, within thirty (30 days), why the instant action should not be dismissed as duplicative of the claims Plaintiff asserted in *Zachary Marner v. Anna Lokshina, et al.*, Civil Action No. 15-cv-00991-LTB (D. Colo. May 11,

2015).  Mr. Marner did not file any response within the time allowed.

The Court must construe Mr. Marner's filings liberally because he is representing himself.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

Because Mr. Marner has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court must dismiss the action if Mr. Marner's claims are frivolous or malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(I).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss this action.

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.  See *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).  "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  *Park v. TD Ameritrade Trust Co., Inc.*, No. 11-1157, 461 Fed. App'x 753, 755 (10th Cir. Feb. 14, 2012) (unpublished) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993)) (internal quotation marks and citation omitted).  A duplicative suit may be dismissed for reasons of "wise judicial administration."  *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *Curtis v.*

*Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, Case No. 00-1130, 2001 WL 661086 at *1 and n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action"). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

The Complaint in the instant action and the Complaint in Civil Action No. 15-cv-00991-LTB assert nearly identical claims under § 1983 for violations of the First Amendment, Fourth Amendment, Sixth Amendment, and Fourteenth Amendment as well as a defamation claim. Furthermore, the Complaints seek identical relief in the form of money damages and declaratory and injunctive relief. Although the Complaint in this action includes some additional Defendants, and some related factual and conclusory allegations that were not alleged in Civil Action No. 15-cv-00991-LTB, those minor differences are not a sufficient basis to maintain claims that were previously litigated and dismissed on the merits. Because the claims, parties, and available relief do not significantly differ between the two actions, the Court finds that the instant action should be dismissed as duplicative of Civil Action No. 15-cv-00991-LTB in the interest of "wise judicial administration." *Serlin*, 3 F.3d at 223; *Park,* 461 Fed. App'x 755.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that this action is DISMISSED as duplicative of *Zachary Marner v. Anna Lokshina, et al.*, Civil Action No. 15-cv-00991-LTB (D. Colo. May 11, 2015). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Plaintiff may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of   March  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court